FILED

MAR 2 6 2013

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

1  JAMES F. PENMAN (State Bar No. 91761)
   JOLENA E. GRIDER (State Bar No. 195289)
2  DONN A. DIMICHELE (State Bar No. 84935)
   OFFICE OF THE CITY ATTORNEY
3  300 N. "D" STREET, Sixth Floor
   San Bernardino, CA 92418
4  Telephone: (909) 384-5355
   Facsimile: (909) 384-5238
5  E-mail: jfpenman@sbcityattorney.org
          jgrider@sbcityattorney.org
6          ddimichele@sbcityattorney.org

7  Attorneys for Debtor
   City of San Bernardino

8

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

**BY FAX**

| | |
|---|---|
| In re | Case No. 6:12-bk-28006-MJ |
| CITY OF SAN BERNARDINO, CALIFORNIA, | Chapter 9 |
| Debtor. | Adv. Proc. _____ - MJ |
| CITY OF SAN BERNARDINO, CALIFORNIA, | **DEBTOR CITY OF SAN BERNARDINO'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Plaintiff, | |
| v. | |
| STATE OF CALIFORNIA; JOHN CHIANG, in his official capacity as State Controller of the State of California; OFFICE OF STATE CONTROLLER, STATE OF CALIFORNIA; ANA J. MATOSANTOS, in her official capacity as the Director of the State of California Department of Finance; CALIFORNIA DEPARTMENT OF FINANCE; LARRY WALKER, in his official capacity as the Auditor Controller, Treasurer, and Tax Collector of the County of San Bernardino; COUNTY OF SAN BERNARDINO; CYNTHIA BRIDGES, in her official capacity as the Executive Director of the CALIFORNIA STATE BOARD OF EQUALIZATION; CALIFORNIA STATE BOARD OF EQUALIZATION, | |
| Defendants. | |

Complaint for Declaratory and Injunctive Relief

The City of San Bernardino, California, debtor in the above-captioned adversary proceeding ("City" or "Plaintiff"), hereby brings this complaint and alleges, on information and belief, as follows:

### JURISDICTION AND VENUE

1.    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334 and 2201.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  This adversary proceeding relates to *In re City of San Bernardino, California*, Case No. 6:12-bk-28006-MJ, which the City commenced on August 1, 2012, by filing a petition under chapter 9 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Riverside Division.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

3.    The statutory and legal predicates for the relief sought herein are §§ 105(a), 106, 362(a), and 922 of the Bankruptcy Code, 28 U.S.C. § 2201, Rule 7001 of the Federal Rules of Bankruptcy Procedure, and Rule 65 of the Federal Rules of Civil Procedure, made applicable by Rule 7065 of the Federal Rules of Bankruptcy Procedure.

4.    The Court has personal jurisdiction over each of the Defendants.

### PARTIES

5.    Plaintiff City of San Bernardino is a political subdivision of the State of California, a charter city organized under California law, and is a municipality within the meaning of section 109(c)(1) of the Bankruptcy Code.

6.    Defendant State of California operates the California Department of Finance.

7.    Defendant Ana J. Matosantos is sued only in her official capacity as the Director of Finance of defendant California Department of Finance ("DOF"), an agency of the State of California that has certain responsibilities in connection with the redevelopment agency dissolution and unwind process under California laws ABx1 26 and AB 1484 (together the "RDA Dissolution Laws").

1

8.      Defendant Cynthia Bridges is sued only in her official capacity as the Executive Director of defendant State Board of Equalization ("BOE"), an agency of the State of California that has responsibilities for the disbursement of sales tax revenues to the City.

9.      Defendant Larry Walker is sued only in his official capacity as the San Bernardino County Auditor-Controller/Treasurer-Tax Collector of defendant County of San Bernardino, whose responsibilities include the disbursement of property tax revenues to the City.

10.     Defendant John Chiang is sued only in his official capacity as the State Controller of defendant Office of the Controller of the State of California. Pursuant to California Health & Safety Code § 34179.8(a), if the Department of Finance orders the State Board of Equalization to withhold sales and use tax to a local agency like the City, the State Board of Equalization must direct the Controller to issue a warrant in the amount of any offset to the County auditor-controller.

## NATURE OF THE ACTION

11.     This adversary proceeding alleges claims for declaratory and injunctive or other equitable relief and seeks a determination that the automatic stays imposed by 11 U.S.C. §§ 362(a) and 922(a) apply and that the defendants should be enjoined and restrained from carrying out their threats to withhold and fail to pay over sales and use tax and property tax revenues due to the City, such threats having been made in a letter dated March 4, 2013 from Steve Szalay, a local government consultant for the DOF, to Teri Baker, former assistant to the City Manager of the City ("March 4 Order"). A true and correct copy of the March 4 Order is attached to this complaint as Exhibit 1. Specifically, the March 4 Order threatens that the following actions may be taken against the City's property within 30 days of March 4, 2013 unless the redevelopment Successor Agency, a separate legal entity from the City, remits the amount of $15,208,591 to the San Bernardino County auditor-controller:

(a)     The DOF is expecting to request that the BOE withhold and fail to pay over sales and use tax revenue due to the City;

(b)     The DOF is expecting to direct that property tax revenue due to the Successor Agency be withheld;

2

Complaint for Declaratory and Injunctive Relief

1      (c)    The San Bernardino County Auditor-Controller may at his discretion withhold

2  and fail to pay over property tax revenue due to the City; and

3      (d)    The DOF may take unspecified additional actions to compel compliance with the

4  alleged "ministerial duties set forth in HSC 34179.6…"

5  Unless defendants are enjoined and restrained from taking the threatened actions described

6  above, the City will be deprived of the use of its property and will be forced to cease operations

7  because the City will not have sufficient cash to meet its payroll obligations and pay for essential

8  services to ensure the health, safety and welfare of its residents unless it receives the sales and

9  use tax and property tax revenues due to the City.

## FACTUAL ALLEGATIONS

11      12.    Prior to June 28, 2011, the Community Redevelopment Law (California Health

12  and Safety Code § 33000 *et seq.*) authorized cities to form redevelopment agencies for the

13  purpose of redevelopment of blighted areas within their territorial jurisdiction. The City formed

14  the City of San Bernardino Redevelopment Agency as authorized by California law.

15      13.    In or about June of 2011, the California Legislature passed, and the Governor

16  signed into law, Assembly Bill ABx1 26, the first of the two RDA Dissolution Laws pursuant to

17  which all redevelopment agencies in California were dissolved effective October 1, 2011, and

18  which required successor agencies to wind down the affairs of the former redevelopment

19  agencies.

20      14.    On December 29, 2011, the California Supreme Court upheld the constitutionality

21  of ABx1 26 in *California Redevelopment Association v. Matosantos,* 53 Cal.4[th] 231 (2011), and

22  all redevelopment agencies in California were dissolved effective February 1, 2012, including

23  the City of San Bernardino Redevelopment Agency ("Former RDA").

24      15.    The Mayor and Common Council of the City adopted Resolution No. 2012-12 on

25  January 9, 2012, pursuant to which the City opted to serve as the Successor Agency to the

26  Redevelopment Agency of the City of San Bernardino ("Successor Agency") effective February

27  1, 2012. Pursuant to Health & Safety Code section 34173(g), the Successor Agency is a

28

3

Complaint for Declaratory and Injunctive Relief

1 | separate and distinct legal entity from the City, and the City provides governance and other

2 | services to the Successor Agency pursuant to Resolution No. 2012-12.

3 |      16.    On June 27, 2012, the California Legislature enacted and the Governor signed

4 | AB 1484 to provide additional rules to implement the dissolution of redevelopment agencies.

5 | On September 24, 2012, the League of California Cities filed a complaint against the State of

6 | California and other defendants challenging AB 1484 on constitutional and other grounds in the

7 | case of *League of California Cities v. Ana J. Matosantos, et al.*, which is pending on the docket

8 | of the Superior Court for the State of California, County of Sacramento, as Case No. 2012-

9 | 80001275.  Under AB 1484, if the DOF makes a determination that a successor agency has failed

10 | to make required payments, the DOF can order the State Board of Equalization to withhold sales

11 | taxes that would otherwise be paid to a local agency and/or the city or county that operates the

12 | successor agency and/or the county auditor-controller can withhold property tax distributions to a

13 | local agency and/or the city or county that acts as successor agency.

14 |      17.    Under former redevelopment law, redevelopment agencies were required to

15 | deposit part of the tax increment received into a Low and Moderate Income Housing Fund

16 | ("LMIHF").  The RDA Dissolution Laws require successor agencies to identify the

17 | unencumbered balance in the LMIHF by an audit (which is called a due diligence review), and

18 | then remit that balance to the county auditor-controller.  The RDA Dissolution Laws also

19 | authorize the DOF to review the LMIHF audit.

20 |      18.    On December 18, 2012, the Successor Agency submitted a Low and Moderate

21 | Income Housing Fund "Due Diligence Review" ("DDR") to the DOF.

22 |      19.    On January 11, 2013, the DOF issued its letter of the same date alleging that the

23 | Successor Agency had $14,041,882 of LMIHF to be distributed ("January 11 letter").

24 |      20.    On January 17, 2013, the Successor Agency filed its Meet and Confer Request

25 | Form with respect to the DDR and provided a detailed explanation with respect to all of the

26 | items questioned in the DOF's January 11 letter.  Prior to the meet and confer meeting to be held

27 | on February 5, 2013, the Successor Agency provided further back-up data to the DOF over a

28 | period of several days.

4

**Complaint for Declaratory and Injunctive Relief**

21.    On February 5, 2013, Successor Agency representatives met with DOF representatives to discuss the DDR and the demands set forth in the DOF's January 11 letter. Although significant back-up information and documentation were provided to DOF staff prior to the meeting, DOF staff admitted that they had not read any of it. As a result, DOF staff were unable to engage in any meaningful discussion of the disputed items during the statutorily-required "meet and confer" session.

22.    On February 15, 2013, the DOF issued its final determination letter with respect to the DDR ("February 15 letter"). The DOF's February 15 letter raised an entirely new issue: the DOF demanded for the first time that the Successor Agency remit an amount equal to $15,008,591, relating to certain transfers made to Affordable Housing Solutions, Inc. ("AHS"). AHS is a nonprofit corporation that performs various affordable housing projects in the City, pursuant to various funding agreements between the City and the Former RDA.

23.    In the DOF's February 15 letter, the DOF incorrectly alleged that the disputed $15,008,591 reflected transfers by the Former RDA to AHS of cash and cash equivalents. To the contrary, the amount in question is almost exclusively intangible, offsetting accounting entries related to real property transfers (i.e., $14,673,279), together with a modest amount of cash (i.e., $335,312) that was encumbered and used for affordable housing-related enforceable obligations during the period of July 1, 2011 through January 31, 2012. The Successor Agency vigorously disputes that it owes the sums demanded by the DOF.

24.    The Successor Agency has no cash to distribute to anyone. Successor Agency representatives explained to the DOF that it had no cash to distribute in a memorandum dated October 30, 2012 and during the meet and confer session held on February 5, 2013. The Successor Agency remains cash-flow insolvent in the amount of approximately $15 million.

25.    On February 21, 2013, the DOF issued an amended final determination letter which, apart from the correction of an inconsequential punctuation mistake, is identical to the February 15 letter.

26.    On March 4, 2013, the DOF issued an order (the "March 4 Order") to the Successor Agency threatening that if the Successor Agency did not pay the amount of

5

**Complaint for Declaratory and Injunctive Relief**

1  $15,008,591 to the county auditor-controller within 30 days, DOF may withhold property taxes

2  and/or sales and use taxes due to the City pursuant to Health & Safety Code sections 34179.6(h)

3  and 34179.6(f) as follows:

4        (a)    The DOF is expecting to request that the BOE withhold and fail to pay

5  over sales and use tax revenue due to the City;

6        (b)    The DOF is expecting to direct that property tax revenue be withheld due

7  to the Successor Agency;

8        (c)    The San Bernardino County Auditor-Controller may at his discretion

9  withhold and fail to pay over property tax revenue due to the City; and

10       (d)    The DOF may take unspecified additional actions to compel compliance

11 with the alleged "ministerial duties set forth in HSC 34179.6..."

12     27.    On March 8, 2013, James F. Penman, the City Attorney, transmitted letters to

13 John Chiang, the Controller for the State of California, and Ana Matosantos, Director of the

14 California Department of Finance, true and correct copies of which are attached to this complaint

15 as Exhibits 2 and 3. These letters advised the DOF and the Controller that the "proposed

16 unilateral offsets, withholdings and other actions/ remedies threatened or implied" in the March 4

17 Order would be in violation of the automatic stay set forth in 11 U.S.C. section 362 imposed by

18 virtue of the City's pending Chapter 9 case, and requested assurances that the Controller and

19 DOF would not take the threatened actions set forth in paragraph 26 above. The City Attorney

20 also transmitted an email to the County Auditor-Controller providing the same information, a

21 true and correct copy of which is attached to this complaint as Exhibit 4. As of the date of the

22 filing of this complaint, the City Attorney has not received a response providing the requested

23 assurances.

24     28.    The City is insolvent. As of February 26, 2013, the General Fund had a negative

25 cash balance of ($13,277,552). The Discretionary Funds that are General Fund related had an

26 additional deficit of ($10,459,821) for a total negative cash position for the General Fund and

27 related funds of ($23,737,372). The City is operating under a Pendency Plan that includes the

28 deferral of obligations as permitted under chapter 9 of the Bankruptcy Code which has been

6

**Complaint for Declaratory and Injunctive Relief**

1 │ necessary to continue to meet payroll obligations and other critical obligations necessary to

2 │ provide basic level services to ensure the health, safety and welfare of its residents.

3 │      29.    The City receives monthly distributions of sales and use tax revenue from the

4 │ State Board of Equalization. The City receives disbursements of property taxes from the County

5 │ Auditor-Controller generally on a semi-annual basis and anticipates that such revenues will be

6 │ received beginning in April through June 2013. Sales and use tax and property tax revenues

7 │ alone comprise nearly 50% of the City's projected General Fund revenues for the 2012-13 fiscal

8 │ year. If property tax and sales and use tax revenues are withheld by the defendants, the City will

9 │ be irreparably harmed and forced to shut down operations possibly as early as mid May of 2013

10 │ but no later than June 1, 2013 because defendants will deprive the City of critical cash necessary

11 │ to (a) meet its payroll and other obligations and (b) provide basic essential services for the

12 │ health, safety and welfare of its residents.

13 │ **FIRST CLAIM FOR DECLARATORY RELIEF**

14 │ **AGAINST ALL DEFENDANTS**

15 │      30.    Plaintiff restates and realleges paragraphs 1 through 29 above as though fully set

16 │ forth herein.

17 │      31.    Section 362(a)(1) of the Bankruptcy Code prohibits the commencement or

18 │ continuation of any act to recover a claim against the City that arose before the commencement

19 │ of a bankruptcy case. Defendants seek to recover on claims that arose no later than June 27,

20 │ 2012, before the commencement of the City's chapter 9 case, by withholding or otherwise failing

21 │ to pay to the City sales and use tax and property tax revenues due to the City.

22 │      32.    Section 362(a)(3) of the Bankruptcy Code prohibits any act to obtain possession

23 │ or exercise control over property of the City. Defendants seek to obtain possession or exercise

24 │ control over property of the City by withholding or otherwise failing to pay to the City sales and

25 │ use tax and property tax revenues due to the City.

26 │      33.    Section 362(a)(6) of the Bankruptcy Code stays any act to collect, assess, or

27 │ recover a claim against the debtor that arose before the commencement of the bankruptcy case.

28 │ Defendants seek to collect, assess, or recover a claim against the City that arose before the

7

**Complaint for Declaratory and Injunctive Relief**

1  commencement of the City's Chapter 9 case by withholding or otherwise failing to pay to the

2  City sales and use tax and property tax revenues due to the City.

3          34.    Section 362(a)(7) stays the setoff of any debt owing to the debtor that arose before

4  the commencement of the bankruptcy case.  Defendants seek to collect, assess, or recover a

5  claim against the City that arose before the commencement of the City's Chapter 9 case by

6  withholding, offsetting or otherwise failing to pay to the City sales and use tax and property tax

7  revenues due to the City.

8          35.    Section 922 stays actions against the City and against "an officer or inhabitant of

9  the debtor that seeks to enforce a claim against the debtor."  Defendants seek to collect, assess, or

10 recover a claim against officers and inhabitants of the Debtor by ordering Teri Baker, the former

11 assistant to the City Manager, to pay $15,208,591 under threat of withholding or otherwise

12 failing to pay to the City sales and use tax and property tax revenues due to the City.

13         36.    A present and actual controversy exists between the Plaintiff, on the one hand,

14 and Defendants, on the other hand, with respect to the scope and application of the automatic

15 stays under 11 U.S.C. §§ 362 and 922 sufficient to warrant the issuance of a declaratory

16 judgment under 28 U.S.C. § 2201.  Plaintiff is informed and believes, and thereupon alleges, that

17 the automatic stays under 11 U.S.C. §§ 362 and 922 apply to the Defendants' threatened actions

18 in violation of the automatic stays.  Plaintiff is informed and believes, and thereupon alleges, that

19 Defendants' contend that the automatic stays do not apply and their threatened action of

20 withholding, offsetting or otherwise failing to pay to the City sales and use tax and property tax

21 revenues due to the City is not in violation of the automatic stay.  In light of the Defendants'

22 failure to respond to the City's request for assurances that their actions threatened in the March 4

23 Order will not be taken, a prompt judicial determination of the respective rights and duties of the

24 parties is necessary and appropriate.

## SECOND CLAIM FOR INJUNCTIVE RELIEF

## AGAINST ALL DEFENDANTS

27         37.    Plaintiff restates and realleges paragraphs 1 through 29 above as though fully set

28 forth herein.

8

38.     The City seeks an injunction staying the threatened actions identified in the DOF's March 4 Order under section 105(a) of the Bankruptcy Code until the effective date of the chapter 9 plan of the City or such other date as the Court may set.

39.     The City has no adequate legal remedy and will suffer irreparable harm unless the threatened actions identified in the March 4 Order to withhold the City's sales and use tax and property tax revenues are enjoined because otherwise the City will have no choice but to shut down its operations because it will not have enough cash to meet its payroll and other obligations necessary to provide basic essential services to protect the health, safety and welfare of the City's residents.

40.     The City has a strong likelihood of success on the merits because the City has a reasonable likelihood of a successful reorganization, the harm to the City if a preliminary injunction is not issued will significantly outweigh any harm suffered by the Defendants if the threatened actions identified in the DOF's March 4 Order are enjoined, the City is likely to prevail on the merits of this dispute and the DOF's March 4 Order violates the stay and the other Defendants actions to implement the March 4 Order also will violate the automatic stay.

41.     An injunction will protect the City and facilitate the City's successful reorganization efforts and a plan of adjustment of its debts and will promote the public interest by preventing a forced shut down of the City due to insufficient cash to meet its payroll and other obligations necessary to provide basic essential services to its residents.  The balance of equities favors the City and the public interest requires that this Court enjoin the Defendants from taking the threatened actions identified in the March 4 Order to withhold the City's sales and use tax and property tax revenues because otherwise the City will have no choice but to shut down its operations because it will not have enough cash to pay its employees and provide essential services to protect the health, safety and welfare of the City's residents.

## PRAYER FOR RELIEF

The City prays for relief against each of the Defendants as follows:

1.     For a declaration that the threatened actions in the March 4 Order are stayed by the automatic stays imposed by sections 362(a) and 922(a) of the Bankruptcy Code;

9

**Complaint for Declaratory and Injunctive Relief**

2.    For an order enjoining the State of California, through its Department of Finance, and the DOF's Director, Matosantos, and other staff from directing the State Board of Equalization to withhold or offset any of the City's distributions of sales and use tax revenue or from directing the county auditor-controller to withhold or offset any of the City's property tax distributions;

3.    For an order enjoining the State Board of Equalization from withholding or offsetting any of the City's distributions of sales and use tax revenue based on the DOF's March 4 Order or on any other ground;

4.    For an order enjoining the county auditor-controller from withholding or offsetting any of the City's distributions of property tax revenue based on the DOF's March 4 Order or on any other ground;

5.    For an order enjoining the State Controller from issuing any warrants based on the DOF's March 4 Order or on any other ground.

6.    For such other and further relief as the Court deems proper.

Dated: March 26, 2013          OFFICE OF THE CITY ATTORNEY


By:  /s/ James F. Penman
     Attorneys for City of San Bernardino, Debtor

10

**Complaint for Declaratory and Injunctive Relief**

# Exhibit 1

DEPARTMENT OF
FINANCE

EDMUND G. BROWN JR. ▪ GOVERNOR

915 L STREET ▪ SACRAMENTO CA ▪ 95814-3706 ▪ WWW.DOF.CA.GOV

March 4, 2013

Ms. Teri Baker, Assistant to the City Manager
City of San Bernardino Successor Agency
300 North D Street, 6th Floor
San Bernardino, CA  94218

Dear Ms. Baker:

Pursuant to Health and Safety Code (HSC) section 34179.6 (f), the City of San Bernardino
Successor Agency was ordered by the Department of Finance (Finance) on December 8, 2012
to remit to the county auditor-controller $14,041,882 in unencumbered Low-and-Moderate
Income Housing Funds. In a decision following a meet-and-confer session held on
February 5, 2013, the ordered remittance amount was changed to $15,208,591.

According to our records, the Successor Agency has yet to remit the ordered sum. If this is not
correct, and the Agency has remitted the full ordered sum, please provide proof of payment to
both Finance and the county auditor-controller.

I strongly encourage you to promptly remit the ordered sum to the county auditor-controller if
you have not already done so. If for some reason the Successor Agency cannot immediately
remit the entire sum, HSC section 34179.6 (h) (3) authorizes Finance to review requests for an
installment payment plan. If you wish to make installment payments, please notify your
Agency's assigned Finance review staff immediately. Upon receipt of your request, Finance will
work with your Agency to determine whether installment payments are appropriate, and whether
a payment plan can be finalized within the next 30 days.

Alternatively, Per HSC section 34179.6 (h), failure to remit the ordered sum within five business
days of Finance's meet-and-confer decision may result in the one or more of the following:

- Sales & Use Tax Withholding: For those situations where the amount to be remitted has
  previously been transferred to the city, Finance is expecting to request the Board of
  Equalization to withhold an equivalent amount of sales and use tax distribution from the
  city that created the former redevelopment agency (RDA). Such withholding would likely
  occur in May.

- Property Tax Withholding from Successor Agency: Finance is expecting to direct the
  withholding by the county auditor-controller of an equivalent amount of property tax out
  of the RPTTF from the Successor Agency. If the withholding of property tax revenue
  from the Successor Agency is ordered, the withholding will take effect with the June
  2013 Redevelopment Property Tax Trust Fund allocation.

- <u>County Auditor Controller Remedy</u>: Based on a successor's particular circumstances, Finance may not seek the remedies described previously. However, the county auditor-controller may decide, at his or her own discretion pursuant to HSC section 34179.6 (h), to reduce the property tax allocation to the Successor Agency or the local agency that currently possesses the sums in question.

Finance has no desire to seek any of the above remedies against either the Successor Agency or the city or county that is performing the duties of the Successor Agency. **However, if the Successor Agency fails to remit the ordered sum to the county auditor-controller within 30 days of the date of this letter, Finance is prepared to utilize any of the above-described remedies provided for by law.**

If Finance does not immediately pursue the remedies described previously, additional actions are still available to seek your compliance with the ministerial duties set forth in HSC section 34179.6 For example, Finance will determine if it is appropriate to file a petition for writ of mandate in the Sacramento Superior Court seeking an order for the Successor Agency to remit the ordered sum to the county auditor-controller.

If you have questions regarding remittance instructions, please contact your county auditor-controller's office to ensure that they have reported the accurate remittance amount to the Department of Finance.

Sincerely,

STEVE SZALAY
Local Government Consultant

cc:   Mr. Carey Jenkins, Director of Housing and Community Development, City of San Bernardino
Mr. Mike Trout, Project Manager, City of San Bernardino
Ms. Vanessa Doyle, Auditor Controller Manager, San Bernardino County
California State Controller's Office

# Exhibit 2

## OFFICE OF THE CITY ATTORNEY
### CITY OF SAN BERNARDINO

*JAMES F. PENMAN*
CITY ATTORNEY

March 8, 2015

SENT VIA E MAIL, OVERNIGHT MAIL AND REGULAR MAIL

John Chiang, Controller
State Controller's Office
Division of Audits
Post Office Box 942850
Sacramento, CA 94250-5874

Re: Demand Letter dated March 4, 2013 from Department of Finance to Assistant City Manager City
of San Bernardino

Dear Mr. Chiang:

As you are aware, the City of San Bernardino received a letter dated March 4, 2013 from Mr. Steve
Salzay sent on behalf of the Department of Finance ("DOF") to Teri Baker the Assistant City
Manager for the City of San Bernardino ("Demand Letter"). A copy of the Demand Letter together
with the City's response is attached and incorporated by reference.

As both the State Controller's Office ("Controller") and the DOF are well aware, the City of San
Bernardino ("City") is a Debtor in a Chapter 9 reorganization case styled In re: City of San
Bernardino, California Case No. 6:12-bk-28006-MJ. As such, the City is protected by the
"automatic stay" provisions of 11 U.S.C. Sec. 362 ("Section 362") which prohibits creditors and
other third parties from taking actions against the property, assets, monies, funds and/or other
interests of the City (collectively "City Property") without first obtaining bankruptcy court approval
of such actions.

Please note that the DOF's proposed unilateral offsets, withholdings and other actions/ remedies
threatened or implied in the Demand Letter constitute a knowing and willful violation of Section 362
and may subject the entities and individuals involved to damages. If the Controller chooses to
comply with the DOF's instructions (whether specifically set forth in the Demand Letter or
otherwise) such complicit actions would also be in violation of Section 362 and may subject the
Controller to claims for damages as well as other appropriate remedies.

In addition, should the Controller unilaterally decide to take any of the actions described in the
Demand Letter or otherwise seek to offset, withhold, apply and/or exercise other remedies/claims
against the City or the City Property such actions would be illegal and violate not only Section 362
but also flaunt the basic reorganization protections provided by the Bankruptcy Code to the City as a
Debtor.

300 NORTH "D" STREET • SAN BERNARDINO, CA 92418-0001 • (909) 384-5355 • FAX (909) 384-5238

Given the above, the City hereby requests that the Controller confirm that it will not take any collection or enforcement actions against the City Property in compliance with the instruction of the DOF (whether specifically set forth in the Demand Letter or otherwise) and further that the Controller will take no action against the City or the City Property to collect (by withholding, setoff, application or otherwise) the sums referenced in the Demand Letter and/or other debts/amounts owed or claimed to be owed by the City to the DOF, the Controller or any other party.

We note that the Demand Letter gives the City until April 3, 2013 to make payments or suffer the consequences. The City must protect itself and the ongoing reorganization process from this highly damaging action. Therefore, the City hereby requests and respectfully demands that the Controller confirm in writing to the City no later than five (5) business days from the date of this letter, March 8, 2013, that neither the Controller nor its agents or representatives will take any collection or enforcement actions against the City Property in compliance with the instruction of the DOF (whether specifically set forth in the Demand Letter or otherwise) and further that the Controller will take no action against the City or the City Property to collect (by withholding, setoff, application or otherwise) the sums referenced in the Demand Letter and/or other debts/amounts owed or claimed to be owed by the City to the DOF, the Controller or any other party.

If the Controller fails to provide the written assurances described above, the City will have no choice but to institute proceedings against the Controller, applicable third parties and appropriate individuals in order to forestall such disruptive and highly prejudicial conduct. If the City is forced to that position it will ask for appropriate remedies against all parties.

You are advised that the City and the City as the Successor Agency has assigned resolution of this mater to my office. Therefore, if there are any questions related to this letter, please ask DOF's legal counsel to contact me.

Very truly yours,

James F. Penman
CITY ATTORNEY,
CITY OF SAN BERNARDINO

cc:
State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279 w/encl.

Ms. Ana J. Matosantos, Director
California Department of Finance
915 L Street
Sacramento, CA 95814 w/encl.

Ms. Vanessa Doyle
Property Tax Manager
County of San Bernardino
222 West Hospitality Lane
San Bernardino, Ca 92415 w/encl.

# Exhibit 3



# OFFICE OF THE CITY ATTORNEY
## CITY OF SAN BERNARDINO

JAMES F. PENMAN
CITY ATTORNEY

March 8, 2013

SENT VIA E MAIL, OVERNIGHT AND REGULAR MAIL

Ms. Ana J. Matosantos, Director
California Department of Finance
915 L Street
Sacramento, CA 95814

Re: Letter dated March 4, 2013 from Department of Finance to Assistant City Manager City of San
Bernardino

Dear Ms. Mantosantoas:

We are in receipt of the March 4, 2013 letter from Mr. Steve Salzay sent on behalf of the Department
of Finance to Teri Baker the Assistant City Manager for the City of San Bernardino ("Demand
Letter"). A copy of the Demand Letter is attached and incorporated for ease of reference.

As both you and the Department of Finance are well aware, the City of San Bernardino ("City") is a
Debtor in a Chapter 9 reorganization case styled In re: City of San Bernardino, California Case No.
6:12-bk-28006-MJ. As such, the City is protected by the "automatic stay" provisions of 11 U.S.C.
Sec. 362 ("Section 362") which prohibits creditors and other third parties from taking actions against
the property, assets, monies, funds and/or other interests of the City without first obtaining
bankruptcy court approval of such actions.

Please note that the unilateral proposed offsets, withholdings and other actions/ remedies threatened
or implied by the Department of Finance in the Demand Letter constitute a knowing and willful
violation of Section 362 and may subject the entities and individuals involved to damages.

In addition, the proposed actions to be, or which may be taken under the Demand Letter by the
Department of Finance (or agents or third parties acting on behalf of the Department of Finance) are
illegal and violate not only Section 362 but also flaunt the basic reorganization protections provided
by the Bankruptcy Code to the City as a Debtor.

Given the above, the City hereby requests that the Department of Finance agree that it will take no
actions, whether delineated or set forth in the Demand Letter or otherwise to collect (by withholding,
setoff or otherwise) the sums referenced in the Demand Letter.

We note that the Demand Letter gives the City until April 3, 2013 to make payments or suffer the
consequences. The City must protect itself and the ongoing reorganization process from this highly

damaging action. Therefore, the City hereby requests and respectfully demands that the Department of Finance provide assurances in writing to the City no later than five (5) business days from the date of this letter, March 8, 2013, that neither the Department of Finance nor its agents or representatives will be taking any of the actions described or implied in the Demand Letter.

If the Department of Finance fails to provide the written assurances described above, the City will have no choice but to institute proceedings against the Department of Finance, applicable third parties and appropriate individuals in order to forestall such disruptive and highly prejudicial conduct. If the City is forced to that position it will ask for appropriate remedies against all parties.

You are advised that the City and the City as the Successor Agency has assigned resolution of this mater to my office. Therefore, if there are any questions related to this letter, please ask DOF's legal counsel to contact me.

Very truly yours,

James F. Penman
CITY ATTORNEY,
CITY OF SAN BERNARDINO

cc:
State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279 w/encl.

State Controller's Office
Division of Audits
Post Office Box 942850
Sacramento, CA 94250-5874 w/encl.

Ms. Vanessa Doyle
Property Tax Manager
County of San Bernardino
222 West Hospitality Lane
San Bernardino, Ca 92415 w/encl.

# Exhibit 4

From: James Penman [mailto:JFPenman@sbcityattorney.org]
Sent: Friday, March 08, 2013 4:02 PM
To: Walker, Larry - ATC
Cc: supervisorrutherford@sbcounty.gov; morris_pat@sbcity.org; gdevereaux@cao.sbcounty.gov; Allen Parker;
vanessa.doyle@atc.sbcounty.gov; Jolena Grider
Subject: FW: Demand Letter dated March 4, 2013 from Dept. of Finance to Assistant City Manager of City of
San Bernardino

March 8, 2013

Mr. Larry Walker
San Bernardino County
Auditor-Controller/Treasurer/
Tax Collector

Mr. Walker,

Attached please find letters from the City of San Bernardino to the State Controller and to the California
Department of Finance, sent in response to their communications to this City of March 6, 2013, and March 4,
2013 respectively.

You may wish to take notice of the contents of these communications as the information therein would apply to
any attempt by the County of San Bernardino or any of its component offices to interfere with accounts payable
to the City of San Bernardino ("The City") by the County of San Bernardino, or to any attempted interference of
The City's assets, including real property, without the permission of the United States Bankruptcy Court prior to
any such attempted interference.

The City appreciates the fact that your office has not threatened to with-hold any sums due to this City during
its current, pending Chapter 9 Bankruptcy proceedings.  Your respect for the process and protections of the
United States Bankruptcy Court is appreciated by The City of San Bernardino and its residents.

J. Penman
City Attorney
City of San Bernardino

---

From: James Penman
Sent: Friday, March 08, 2013 3:11 PM
To: chastity.benson@dof.ca.gov<mailto:chastity.benson@dof.ca.gov>

1

Cc: john@sco.ca.gov<mailto:john@sco.ca.gov>;
George.Runner@boe.ca.gov<mailto:George.Runner@boe.ca.gov>;
vanessa.doyle@atc.sbcounty.gov<mailto:vanessa.doyle@atc.sbcounty.gov>; Jolena Grider
Subject: FW: Demand Letter dated March 4, 2013 from Dept. of Finance to Assistant City Manager of City of
San Bernardino

Ms. Matosantos
C/O Ms. Benson

Ms. Matosantos,

Attached please find the response from the City of San Bernardino to your demand letter dated March 4, 2013.

J. Penman
City Attorney
City of San Bernardino

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Rust Consulting/Omni Bankruptcy, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled DEBTOR CITY OF SAN BERNARDINO'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [including form of Summons and Adversary Proceeding Cover Sheet] will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 26, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

The United States trustee will be served electronically by the court to:
United States Trustee (RS)   ustpregion16.rs.ecf@usdoj.gov

Jerrold Abeles    abeles.jerry@arentfox.com, labarreda.vivian@arentfox.com
Franklin C Adams    franklin.adams@bbklaw.com,
arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com;bknotices@bbklaw.com
Joseph M Adams    jadams@lawjma.com
Andrew K Alper    aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com
Thomas V Askounis    taskounis@askounisdarcy.com
Anthony Bisconti    tbisconti@bmkattorneys.com, admin@bmkattorneys.com
Brett Bissett    brett.bissett@klgates.com, carolyn.orphey@klgates.com;klgatesbankruptcy@klgates.com
Jeffrey E Bjork    jbjork@sidley.com
Sarah C Boone    sboone@marshackhays.com, ecfmarshackhays@gmail.com
J Scott Bovitz    bovitz@bovitz-spitzer.com
John A Boyd    fednotice@tclaw.net
Jeffrey W Broker    jbroker@brokerlaw.biz
Deana M Brown    dbrown@milbank.com
Michael J Bujold    Michael.J.Bujold@usdoj.gov
Christopher H Conti    chc@sdlaborlaw.com, sak@sdlaborlaw.com
Christina M Craige    ccraige@sidley.com
Alex Darcy    adarcy@askounisdarcy.com
Susan S Davis    sdavis@coxcastle.com
Robert H Dewberry    robert.dewberry@dewlaw.net
Todd J Dressel    dressel@chapman.com, lubecki@chapman.com
Chrysta L Elliott    elliottc@ballardspahr.com, manthiek@ballardspahr.com
Scott Ewing    contact@omnimgt.com, sewing@omnimgt.com;katie@omnimgt.com
John A Farmer    jfarmer@orrick.com
Paul R. Glassman    pglassman@sycr.com
Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
David M Goodrich    dgoodrich@marshackhays.com, ecfmarshackhays@gmail.com
Christian Graham    cgraham23@dlblaw.net
Everett L Green    everett.l.green@usdoj.gov
Chad V Haes    chaes@marshackhays.com, ecfmarshackhays@gmail.com
James A Hayes    jhayes@jamesahayesaplc.com
M Jonathan Hayes    jhayes@srhlawfirm.com,
roksana@srhlawfirm.com;carolyn@srhlawfirm.com;eroberson@srhlawfirm.com;erin@srhlawfirm.com
D Edward Hays    ehays@marshackhays.com, ecfmarshackhays@gmail.com
Eric M Heller    eric.m.heller@irscounsel.treas.gov
Jeffery D Hermann    jhermann@orrick.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Bonnie M Holcomb    bonnie.holcomb@doj.ca.gov, rosita.eduardo@doj.ca.gov
Whitman L Holt    wholt@ktbslaw.com
Michelle C Hribar    mch@sdlaborlaw.com
Steven J Katzman    SKatzman@bmkattorneys.com, admin@bmkattorneys.com
Jane Kespradit    jane.kespradit@limruger.com, amy.lee@limruger.com
Mette H Kurth    kurth.mette@arentfox.com
Sandra W Lavigna    lavignas@sec.gov
Michael B Lubic    michael.lubic@klgates.com, jonathan.randolph@klgates.com
Richard A Marshack    rmarshack@marshackhays.com,
lbergini@marshackhays.com;ecfmarshackhays@gmail.com
Gregory A Martin    gmartin@winston.com
David J Mccarty    dmccarty@sheppardmullin.com, pibsen@sheppardmullin.com
Reed M Mercado    rmercado@sheppardmullin.com
Fred Neufeld    fneufeld@sycr.com
Aron M Oliner    roliner@duanemorris.com
Scott H Olson    solson@seyfarth.com
Brian T Pedigo    brian@pedigolaw.com
Dean G Rallis    drallis@sulmeyerlaw.com
Christopher O Rivas    crivas@reedsmith.com
Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;dmoore@frandzel.com
Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
Mark C Schnitzer    mschnitzer@rhlaw.com, mcschnitzer@gmail.com
Diane S Shaw    diane.shaw@doj.ca.gov
Leonard Steiner    ls@steinerlibo.com, jasoncarter@steinerlibo.com;aam@steinerlibo.com
Jason D Strabo    jstrabo@mwe.com, apolin@mwe.com
Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com
Benjamin R Trachtman    btrachtman@trachtmanlaw.com, sstraka@trachtmanlaw.com
Matthew J Troy    matthew.troy@usdoj.gov
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Anne A Uyeda    auyeda@bmkattorneys.com
Annie Verdries    verdries@lbbslaw.com
Joseph M Welch    jwelch@buchalter.com,
svanderburgh@buchalter.com;docket@buchalter.com;bkgroup@buchalter.com
Brian D Wesley    brian.wesley@doj.ca.gov
Kirsten A Roe Worley    kworley@wthf.com, bcordova@wthf.com
Pamela Jan Zylstra    zylstralaw@gmail.com

☐ Service information continued on attached page

---

**2. SERVED BY UNITED STATES MAIL**:
On **March 26, 2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>March 26, 2013</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

PRESIDING JUDGE'S COPY
Honorable Meredith A. Jury (Personal delivery)
U.S. Bankruptcy Court
3420 Twelfth Street, Suite 325
Riverside, CA 92501-3819
Delivered on March 26, 2013

DEFENDANT STATE OF CALIFORNIA (Overnight delivery)
Governor Edmund G. Brown, Jr.
State of California
c/o State Capitol, Suite 1173
Sacramento, CA 95814
Via overnight mail with UPS; Tracking number: 1Z04090A0144177424

DEFENDANT JOHN CHIANG, in his official capacity as State Controller of the State of California (Overnight delivery)
John Chiang
California State Controller's Office
777 South Figueroa Street, Suite 4800
Los Angeles, California 90017
Via overnight mail with UPS; Tracking number: 1Z04090A0144568001

DEFENDANT OFFICE OF STATE CONTROLLER, STATE OF CALIFORNIA (Overnight delivery)
John Chiang
California State Controller's Office
P.O. Box 942850
Sacramento, California 94250-5872
Via overnight mail with USPS; Tracking number: 9470112699350000248848

DEFENDANT ANA J. MATOSANTOS, in her official capacity as the Director of the State of California Department of Finance (Overnight delivery)
Ana J. Matosantos, Director of Finance
California Department Of Finance
915 L Street
Sacramento, CA 95814
Via overnight mail with UPS; Tracking number: 1Z04090A0144446795

DEFENDANT CALIFORNIA DEPARTMENT OF FINANCE (Overnight delivery)
California Department of Finance
Attn: Ana J. Matosantos
Director of Finance
915 L Street
Sacramento, CA 95814
Via overnight mail with UPS; Tracking number: 1Z04090A0143314581

DEFENDANT LARRY WALKER, in his official capacity as the Auditor Controller, Treasurer, and Tax Collector of the County of San Bernardino (Overnight delivery)
Larry Walker
Office of the Auditor-Controller
222 W. Hospitality Lane, 4th Floor
San Bernardino, CA 92415
Via overnight mail with UPS; Tracking number: 1Z04090A0145851952

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

June 2012
DOCSOC/1614216v1/200430-0003

Larry Walker
Office of the Treasurer/Tax Collector
172 W. Third Street, 1st Floor
San Bernardino, CA 92415-0360
Via overnight mail with UPS; Tracking number: 1Z04090A0144865636

DEFENDANT COUNTY OF SAN BERNARDINO (Overnight delivery)
County Of San Bernardino
Gregory C. Devereaux, Chief Executive Officer
385 N. Arrowhead Avenue
San Bernardino, CA 92415-0120
Via overnight mail with UPS; Tracking number: 1Z04090A0144617163

DEFENDANT CYNTHIA BRIDGES, in her official capacity as the Executive Director of the CALIFORNIA STATE
BOARD OF EQUALIZATION (Overnight delivery)
Cynthia Bridges, Executive Director
California State Board of Equalization
450 N Street, MIC: 73
Sacramento, CA 95814-0073
Via overnight mail with UPS; Tracking number: 1Z04090A0145071376

DEFENDANT CALIFORNIA STATE BOARD OF EQUALIZATION (Overnight delivery)
California State Board of Equalization
Cynthia Bridges, Executive Director
450 N Street, MIC: 73
Sacramento, CA 95814-0073
Via overnight mail with UPS; Tracking number: 1Z04090A0145778210

ATTORNEYS FOR THE STATE OF CALIFORNIA
Office of the Attorney General (Overnight delivery)
1300 "I" Street
Sacramento, CA 95814-2919
Via overnight mail with UPS; Tracking number: 1Z04090A0144988530

Office of the Attorney General (Overnight delivery)
P.O. Box 944255
Sacramento, CA 94244-2550
Via overnight mail with USPS; Tracking number: 9470112699350000248831

Office of the Attorney General (Overnight delivery)
300 South Spring Street
Los Angeles, CA 90013-1230
Via overnight mail with UPS; Tracking number: 1Z04090A0143675745

ATTORNEYS FOR THE STATE CONTROLLER, STATE OF CALIFORNIA  (Overnight delivery)
Legal Office
State Controller's Office
300 Capitol Mall, Suite 1850
Sacramento California 95814
Via overnight mail with UPS; Tracking number: 1Z04090A0144690324

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

ATTORNEYS FOR COUNTY OF SAN BERNARDINO (Overnight delivery)
Jean Rene Basle, County Counsel
385 N. Arrowhead Avenue, 4th Floor
San Bernardino, CA 92415-0140
Via overnight mail with UPS; Tracking number: 1Z04090A0143681112

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 26, 2013 | Scott M. Ewing | | Signature |
|---|---|---|---|
| Date | Printed Name | | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

June 2012
DOCSOC/1614216v1/200430-0003

Attachment to Adversary Proceeding Cover Sheet

PLAINTIFF
City of San Bernardino, California
City Hall
300 North "D" Street
San Bernardino, CA 92418

ATTORNEYS FOR PLAINTIFF
James F. Penman (State Bar No. 91761)
Jolena E. Grider (State Bar No. 195289)
Donn A. Dimichele (State Bar No. 84935)
OFFICE OF THE CITY ATTORNEY
300 N. "D" STREET, Sixth Floor
San Bernardino, CA 92418
Telephone: (909) 384-5355
Facsimile: (909) 384-5238
E-mail: jfpenman@sbcityattorney.org
        jgrider@sbcityattorney.org
        ddimichele@sbcityattorney.org


Defendants

STATE OF CALIFORNIA
Governor Edmund G. Brown, Jr.
State of California
c/o State Capitol, Suite 1173
Sacramento, CA 95814

JOHN CHIANG, in his official capacity as State Controller of the State of California
John Chiang
California State Controller's Office
777 South Figueroa Street, Suite 4800
Los Angeles, California 90017

OFFICE OF STATE CONTROLLER, STATE OF CALIFORNIA
John Chiang
California State Controller's Office
P.O. Box 942850
Sacramento, California 94250-5872


ANA J. MATOSANTOS, in her official capacity as the Director of the State of California
Department of Finance
Ana J. Matosantos, Director of Finance
California Department Of Finance
915 L Street
Sacramento, CA 95814

CALIFORNIA DEPARTMENT OF FINANCE
California Department of Finance
Attn: Ana J. Matosantos
Director of Finance
915 L Street
Sacramento, CA 95814

LARRY WALKER, in his official capacity as the Auditor Controller, Treasurer, and Tax
Collector of the County of San Bernardino
Larry Walker
Office of the Auditor-Controller
222 W. Hospitality Lane, 4th Floor
San Bernardino, CA 92415

Larry Walker
Office of the Treasurer/Tax Collector
172 W. Third Street, 1st Floor
San Bernardino, CA 92415-0360

COUNTY OF SAN BERNARDINO
County Of San Bernardino
Gregory C. Devereaux, Chief Executive Officer
385 N. Arrowhead Avenue
San Bernardino, CA 92415-0120

CYNTHIA BRIDGES, in her official capacity as the Executive Director of the
CALIFORNIA STATE BOARD OF EQUALIZATION
Cynthia Bridges, Executive Director
California State Board of Equalization
450 N Street, MIC: 73
Sacramento, CA 95814-0073

CALIFORNIA STATE BOARD OF EQUALIZATION
California State Board of Equalization
Cynthia Bridges, Executive Director
450 N Street, MIC: 73
Sacramento, CA 95814-0073

ATTORNEYS FOR THE STATE OF CALIFORNIA
Office of the Attorney General
1300 "I" Street
Sacramento, CA 95814-2919
Phone: (916) 445-9555

Office of the Attorney General
P.O. Box 944255
Sacramento, CA 94244-2550

Office of the Attorney General
300 South Spring Street
Los Angeles, CA 90013-1230

ATTORNEYS FOR THE STATE CONTROLLER, STATE OF CALIFORNIA
Legal Office
State Controller's Office
300 Capitol Mall, Suite 1850
Sacramento California 95814

ATTORNEYS FOR COUNTY OF SAN BERNARDINO
Jean Rene Basle, County Counsel
385 N. Arrowhead Avenue, 4th Floor
San Bernardino, CA 92415-0140